UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RICHARD D. LOMAX            )
                            )
v.                          )         NO. 2:08-CV-03
                            )
JOSEPH SHEPHERD[1] and      )
CORPORAL WALKER             )

**MEMORANDUM and ORDER**

This state prisoner's *pro se* civil rights complaint, 42 U.S.C. § 1983, in which he claims that his rights were violated during his incarceration at the Northeast Correctional Complex, was transferred from the Western District. Two motions are pending, the first of which is defendant Joseph Shepherd's unopposed motion for partial dismissal. [Doc. 2].

In ruling on a defendant's motion to dismiss, all well-pleaded factual allegations contained in the complaint must be accepted as true, but also must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* __ U.S. __, __, 127 S. Ct. 1955, 1965 and 1974 (2007). Mere "labels and conclusions" will not do. *Id.* __ U.S. at __, 127 S. Ct. at 1965. Moreover, a *pro*

---

[1] In his filings, the lead defendant spells his last name "Shepherd," not "Shepard," as was indicated in the complaint. The Court has spelled "Shepherd" the way the defendant spells it.

*se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, __, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his motion, defendant Shepherd argues that dismissal is warranted with respect to three claims: (1) that plaintiff was improperly charged with violating the disciplinary rule which prohibited participation in a security threat group activity, (2) that, despite the subsequent dismissal of the charge, he was reclassified as a member of a security threat group, and (3) that he was transferred to a West Tennessee prison.

To state a viable § 1983 claim, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978). The first element is the one that is missing here.

(1) <u>*False Disciplinary Charge*</u>: Prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct," *Freeman v. Rideout*, 808 F.2d 949 (2nd Cir. 1986), and prison disciplinary proceedings give rise to a due process claim only if they result in the imposition of restrictions which constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (2005).

2

Though plaintiff has no due process protection against being falsely written up in the first place, as he acknowledges, the charge was dismissed and no disciplinary proceedings followed. Since there were no disciplinary proceedings, no restrictions were imposed as a result of those proceedings. Because there was no constitutional deprivation, plaintiff has failed to state a claim entitling him to relief under § 1983.

(2) *Reclassification*: An inmate has no constitutional right to be held in a specific security classification. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 244 (1976) (convict enjoys no due process protection from being transferred from a low- to a maximum-security prison). However, a protectible liberty interest would arise if the assignment to a higher security level imposes an extreme restraint which is not ordinarily part of the prison experience. *Wilkinson v. Austin*, 545 U.S. 209 (2005) (finding that assignment to a "supermax" prison imposes an atypical and significant hardship because the aggregate of conditions are more restrictive than other prisons) (citing *Sandin, supra*).

Petitioner offers nothing to show that he has been subjected to such a hardship as a result of his reclassification as a member of a security threat group. Therefore, due process was not violated by plaintiff's designation as a security threat group member. *Harbin-Bey v. Rutter*, 420 F.3d 571, (6th Cir. 2005) (classifying inmate as a security threat group leader not a due process violation since he has no

3

constitutional right to be held in a specific security classification). Here again, plaintiff has failed to state a claim.

(3) *Prison Transfer*: In *Bazzetta v. McGinnis,* 430 F.3d 795, 804 (6th Cir.2005), the Sixth Circuit recited the law regarding an inmate's transfer to another prison.

> In fact, a prison inmate does not have a liberty interest in transfer from one prison to another for whatever reason or for no reason at all, within the State or to another State, regardless of differing conditions in the prisons. Even a transfer to a maximum security facility with more burdensome conditions is within the normal limits or range of custody which the conviction has authorized the State to impose. This is true even though such a transfer operates as a real hardship on the inmate who is effectively separated by the transfer from his only contact with the world outside the prison. Analysis of the nature of the interest involved ... compels the conclusion that such a transfer, even with its changed conditions of confinement, does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself.

*Id.* at 804 (internal quotation marks and all citations omitted).

In light of the above recitation, plaintiff's contention that he was transferred to a West Tennessee prison does not implicate any federally-guaranteed right and, thus, it too fails to state a claim for relief under § 1983.

Defendant Shepherd's motion for partial dismissal under Rule 12(b) of the Federal Rules of Civil Procedure, [Doc. 2], is **GRANTED** with respect to claims involving a false disciplinary charge, reclassification, and transfer to another prison,

4

leaving for resolution plaintiff's claims of excessive force.

The second motion is defendant Ralph Walker's motion to dismiss for insufficiency of process and insufficiency of service of process. His motion is supported by his affidavit and that of Howard Carlton, the Warden of the Northeast Correctional Complex in Mountain City, Tennessee.

The Court has reviewed the record and has found that process was issued in the name of "Corporal Walker" and addressed to "Northwest Correctional Complex, 960 State Route 212, Tiptonville, TN. 38079." The problem is that Corporal Ralph Walker is not employed at the North<u>west</u> Correctional Complex, but instead, at the North<u>east</u> Correctional Complex. The snafu likely originated with the complaint which incorrectly lists the place of employment of both defendants as "Northwest Correctional Complex."

However, the address listed in the complaint as the address of defendants' work place is the correct one for the Northeast Correctional Complex, the disciplinary appeals decision attached as an exhibit to the complaint bears the letterhead of the Eastern Tennessee prison, and the trust fund account personal withdrawal request form, also attached as an exhibit to the complaint, lists the institution wherein plaintiff was housed as the "NECX."

The place-of-employment error likely was compounded by whoever in

the Western District filed out the United States Marshals Service packet because that person omitted the address supplied by plaintiff and added the right address for the Northwest Correctional Complex, which as already noted, was the wrong place of employment for defendant correctional officers.

Further review of the record shows that process was issued to defendant Joseph Shepherd, who also works at the Eastern Tennessee prison, was addressed to the Northwest Correctional Complex, and sent to the true address of that prison, using the same method of mailing. It is perplexing that defendant Shepherd, who responded to the lawsuit, presumably because he was served with process, but that defendant Walker was not.

Nevertheless, this matter will be resolved in this fashion. The Clerk is **DIRECTED** to reissue a summons for defendant Ralph Walker and, to avoid any further delays, to complete the service packet on plaintiff's behalf, and to forward it to the U.S. Marshals for service on defendant Ralph Walker. Defendant Walker should respond to the complaint in the manner and within the time-frame specified in the procedural rules.

Finally, in view of the circumstances surrounding the original process and service of the same, defendant Walker's motion to dismiss for insufficiency of process and insufficiency of service, [Doc. 5], is **DENIED**. A dismissal of this

6

defendant and the claims against him is too harsh a penalty for plaintiff's mistake in listing the defendants' place of employment.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

7

Case 2:08-cv-00003-JRG-DHI   Document 8   Filed 09/05/08   Page 7 of 7   PageID #: 94